IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN EDWARD VALDEZ, #59233-177, MOVANT, | § § § § | |
| v. | § § | CIVIL CASE NO. 3:21-CV-1474-X-BK (CRIMINAL CASE NO. 3:19-CR-509-X-1) |
| UNITED STATES OF AMERICA, RESPONDENT. | § § § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant John Edward Valdez's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed herein, the motion should be summarily **DISMISSED WITH PREJUDICE**.[1]

### I. BACKGROUND

Valdez pled guilty to possession with intent to distribute a controlled substance and, on July 21, 2020, was sentenced to 97 months' imprisonment and a four-year term of supervised release. Crim. Dkt. 48.[2] He did not appeal but filed this timely § 2255 motion. Doc. 2. Valdez

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS ("If it plainly appears from the motion and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

[2] All "Crim. Dkt." citations refer to the related criminal case: *United States v. Valdez*, No. 3:19-CR-00509-X (N.D. Tex. July 21, 2020).

asserts ineffective assistance of counsel, challenges as illegal a search and seizure, and claims his sentence is excessive. Doc. 2 at 5-8.

Upon review, the Court concludes that Valdez is not entitled to relief. Thus, his Section 2255 motion should be summarily dismissed.

## II. ANALYSIS

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner stands fairly and finally convicted. See *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). Under Section 2255, a petitioner can collaterally challenge his conviction "only on issues of constitutional or jurisdictional magnitude." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

### A. Fourth Amendment Claim is Both Barred and Waived

In his second ground, Valdez complains of an illegal search and seizure and defense counsel's failure to address the involved officers' "misconduct." Doc. 2 at 5. Valdez contends the Drug Enforcement Administration (DEA) instructed the Euless Police Department to pull him over, which resulted in "an illegal search" and "abuse of office by agencies working together," as they had "[n]o warrant to search [his] vehicle." Doc. 2 at 5.

Fourth Amendment claims, however, are barred from federal habeas review under *Stone v. Powell*, 428 U.S. 465, 494 (1976), if the movant had a full and fair opportunity to litigate his claims. See *Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002) ("'opportunity for full and fair litigation' to mean just that: 'an opportunity'" (quoting *Caver v. Alabama*, 577 F.2d 1188, 1192-93 (5th Cir. 1978) (*Stone* bar applies "whether or not the defendant avails himself of th[e]

opportunity")))). The Court of Appeals for the Fifth Circuit has extended the holding in *Stone* to § 2255 motions. *See United States v. Ishmael*, 343 F.3d 741, 742 (5th Cir. 2003).

Here, defense counsel had the opportunity to challenge the validity of the traffic stop before Valdez pled guilty but did not do so. Likewise, Valdez could have raised and litigated the issue on direct appeal but did not pursue a direct appeal. That neither Valdez nor his counsel availed himself of either of these options does not render *Stone* inapplicable. *See United States v. Deem*, No. CR 13-00149, 2018 WL 1915081, at *3–4 (W.D. La. Apr. 23, 2018) ("The fact that [movant], or his counsel, failed to take advantage of this opportunity does not render the *Stone* bar inapplicable to this claim."). In sum, because Valdez had an opportunity to litigate his Fourth Amendment search-and-seizure claim before he pled guilty, it is barred by the holding in *Stone v. Powell*.

That notwithstanding, by knowingly and voluntarily pleading guilty, *see* Crim. Dkt. 24, Valdez waived his right to challenge any non-jurisdictional defects, including the alleged illegal search and seizure. *See Norman v. McCotter*, 765 F.2d 504, 511 (5th Cir. 1985) (citing *United States v. Bell*, 457 F.2d 1232, 1234 n.1 (5th Cir. 1972)). As such, his Fourth Amendment claim fails.

### A. Ineffective Assistance of Counsel Claims also Fail

Valdez's ineffective assistance of counsel claims are both vague and conclusory. Doc. 2 at 4, 7. He asserts that "no documents" were submitted on his behalf, Doc. 2 at 4, and counsel rendered "[i]neffective assistance resulting in prejudice," Doc. 2 at 7. He argues:

> Never questioned my lawyer, thought he was doing all that he possibly could. Hardly communicated with me. Never gave me a copy of my Indictment or P.S.R. or any copies of any motions on my behalf. After pleading guilty to a sentence of 97 months[,] I asked him what happened to the 60[-]month proposal I was told I would get, he said I was lucky to get that, that the prosecutor wanted to hang me.

\* \* \*

> The DEA was allowed to charge me on the fruits of their illegal search and seizure with clear abuse of office, when the defendants ineffective assistance claim raise a serious debatable issue that a District court should resolve.

Doc. 2 at 2, 7.

Similarly, in his brief in support of his claims, Valdez contends counsel did "nothing to defend any accusations or let alone provide any documents on [his] behalf," averring:

> I had sent him a picture of my wife's disfigured face in hopes to give light to my bad choice. I had my own business and because of what happened to her and the amount of time needed for her care and our 15 and 17 year old children, were financially in a crisis, so I made a terrible mistake. My family is suffering from my actions, but what I can't understand, is why hasn't Dan Gividen, my public defender, returned her pictures, even after being asked and begged for their return.
>
> It is beyond my comprehension why my counsel, Dan Gividen. never fought for the violations of 2.133(bX2)(3), Penal code title B. off. Case against public official chapter 39 Abuse of Office; (9)(1 )(2)-(1) Intentionally subjects another to mistreat or arrest, detain, search, seize disposition of lien that he knows is unlawful or intentionally denies or impedes another in the exercise or enjoyment of any right, privilege, power, or immunity knowing it is or his conduct is unlawful (act 1973 63rd leg. P883 dn.399 sec. I. I effective I, I, 1974) and any statements or evidence acquired by way of unlawful searching and seizure, as set forth in paragraph (I) and (2) above and with a motion to suppress. Texas cons. Interpreting art. I .sec. 9. In which the court of criminal app. Held that police officers may not rely on the inventory of a locked or closed container, Autran 887: S.W. 2d at 42.  In which a defendant has standing to challenge the search and seizure of contraband, As the exclusionary Rule in Texas Code Criminal Procedure Art 38.23 further showing historical cases similar to defendant's charges admitted into evidence against the accused on the trial of any criminal case. Art. 38.23 Evidence not to be used, further showing historical cases similar to Defendant's charge, *Jones v. U.S.*[,] 362 U.S. 257 (1961)[;] *Henely v. State*[,] 397 S.W.2d 868 (Tex Crim. App.1972); *Holcomb v State*[,] 484 S.W. 2d 929 (Tex Crim. App. 1972); *Knowles v. Iowa*[,] 525 U.S. 119 (1998).

Doc. 3 at 1-2.

To establish ineffective assistance of counsel, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). Valdez's claims of ineffective assistance of counsel lack sufficient factual enhancement to plead a violation of the Sixth Amendment. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (declining to consider vague ineffective assistance of counsel claim). Without a specific allegation explaining what counsel did or failed to do, Valdez does not raise an issue of constitutional import. "[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Id*. at 23 (cleaned up); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . to be of probative evidentiary value.").

That notwithstanding, the records reveals that counsel filed objections to the Presentence Report (PSR) calculations, which were accepted by the Probation Officer and resulted in a lower guideline range of 108-135 months. Doc. 32; Doc. 33-1. In response to the Government's motion for downward departure, counsel also requested a non-guideline sentence of 63 months, arguing the sentencing factors weighed in Movant's favor. Doc. 42. That defense counsel was unsuccessful in his efforts does not equate to ineffective assistance. *See Youngblood v. Maggio*, 696 F.2d 407, 410 (5th Cir. 1983) (per curiam) (holding unsuccessful efforts do not constitute ineffective assistance of counsel).

Moreover, Valdez wholly fails to indicate how he was prejudiced—that is, how counsel's actions resulted in <u>an increase</u> in his sentence. *Glover v. United States*, 531 U.S. 198, 200, 203-04 (2001). And even if, as Valdez argues, counsel neglected to return a photograph of Valdez's

wife and failed to seek state criminal charges against officers/agents involved in the warrantless search of Valdez's vehicle, Doc. 3 at 1-2, neither establishes deficient performance or prejudice under *Strickland*.  Thus, Valdez's ineffective assistance claims fail.

### B. Sentencing Claim Is Also Procedurally Barred

Lastly, Valdez appears to vaguely challenge the sentence he received.  Doc. 2 at 8.  He alleges *in toto*:

> I wasn't under investigation and hopefully no relevant conduct was potrayed on defendant.
>
> Justice Scalia joined by Justices Clarence Thomas and Ruth Bader stated that "any fact increases the penalty to which a defendant is exposed constitutes an element of a crime …. The use of acquitted conduct at sentencing we believe and based on Justice Kavanaugh's prior jurisprudence, the current manner in which relevant conduct or at least acquitted conduct is used to enhance sentences will soon be determined to be unconstitutional.

Doc. 2 at 8 (mistakes in original).

In the event Valdez is attempting to contest his sentence, his claim is barred.  Having failed to raise such claim on direct appeal, it is procedurally defaulted absent a showing of both (1) cause excusing his procedural default and (2) actual prejudice resulting from the error.  *United States v. Logan*, 135 F.3d 353, 355 (5th Cir. 1998) (citing *United States v. Frady*, 456 U.S. 152, 168 (1982)).  An exception to the cause and prejudice requirement is reserved for the "extraordinary case…in which a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).  Here, however, Valdez does not allege

anything that can be interpreted to meet the cause and prejudice or actual innocence requirement. As such, his sentencing claims are barred.[3]

In addition, to the extent Valdez challenges the application of the Sentencing Guidelines, his claim is not cognizable under the limited scope of § 2255 because it is not of constitutional dimension and could have been raised on direct appeal. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) ("Misapplications of the Sentencing Guidelines . . . are not cognizable in § 2255 motions.").

### B. CONCLUSION

For the foregoing reasons, Valdez's § 2255 motion should be summarily **DISMISSED WITH PREJUDICE**, as provided by Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS.

**SO RECOMMENDED** on July 28, 2021.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[3] Courts can invoke procedural bars *sua sponte* but only after giving the movant an opportunity to respond. *See Willis*, 273 F.3d at 596-97. Valdez will have a chance to oppose the procedural default determination during the 14-day period for filing objections to this report and recommendation. *Id.* at 597 and n.6 (concluding magistrate judge's recommendation provides a reasonable opportunity to oppose application of procedural default).

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).